

## TABLE OF CONTENT

1. Letter to the Hon. Judge Clevert
2. Document A
3. Legal assistance contacts and Documents
4. Attorney Cade correspondence

Imeh U. Affiah
20880 George Hunt, # 405
Waukesha, WI. 53186

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2015 DEC 11 P 1:29
JON W. SANFILIPPO
CLERK



US District Court
Room 362 Federal Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI. 53202

RE: <u>REQUESTS FOR LEGAL ASSISTANCE AND EXTENSION OF DISCOVERIES TIME-CASE No. 14-C-1242</u>

Dear Honorable Judge Clevert,

    I have made relentless efforts to secure affordable legal *representation regarding the case under reference. I have attached the* various contacts and resources I have utilized to secure an attorney in this case. Despite all these efforts, I am still unable to get an attorney.

    I lost confidence in my former attorney; Mr. Livingston for various reasons that I was sure might have jeopardized my chances to prevail in this case. During the mediation process, it took me hours to edit the information he was sending to both the opposing attorneys and the Magistrate Judge. This depicted his lack of knowledge in the case despite the fact I had briefed him the first day we met. On the first day he abruptly interrupted and ended the meeting citing previous engagements as his reasons. Few days after submitting the mediation documents, I requested that he should go through the ERD and EEOC transcripts in this case. First he refused to review the EEOC transcripts, which I thought could have given him a good idea of this case. At first he demanded $250.00 check for the transcripts without checking with the EEOC how much it will cost. I went to the EEOC's office where I was told that they needed to find out the number of pages before telling me how much it will cost. I told them that I was told it will cost me $250.00 for the documents. Ms. Lemke of the EEOC told me that the number of pages needed to be determined before they can *be sure of the amount I must go on line to pay before issuing the* documents. I got the documents for only $50.20, (see doc. A) and this created a bit of doubt in confidence with my legal counsel. Secondly, he set up appointment with me at his office three consecutive times to discuss the strategy for the case. On each occasion, I waited for him in the law office's *lobby, called his cell phone several times but no response. In each case, I* had to go back without seeing him. The first time his excuse was that he was in court and could not call. I accepted his excuse. The second

appointment, the excuse was that his daughter was sick and that he does not care about any work related issue when his daughter is ill. I did not hear of this excuse not until two days later despite the fact that I waited for him in his office's lobby for two hours that day before I left. Then I requested his strategy in this case in writing at least to make me comfortable. He refused to respond to my request even till the date I dismissed him from the case. The last incident was his giving false statements in the court that he did not review Herzing's responses to the interrogatories. Contrary, he reviewed these documents and discussed the information with me on the phone. He kept the documents for 8 days before turning them to me. He gave me those documents because he claimed that he did not know the appropriate responses that I expected. Prior to returning those responses to me and prior to our appearance in the court, he promised to file motion with the court to compel Herzing to respond appropriately and accordingly. I also requested that Mr. Livingston demanded the names and contact information of the three witnesses that Ms. Odian brought up in the court. Mr. Livingston claimed that he did not hear anything like Ms. Odian indicating to you that there were more witnesses forthcoming other than the three they gave to ERD. I checked the ERD and EEOC documents and there was no mention of witnesses by Herzing. To my surprise, when we arrived in the court, he shocked me with the false statements that he made in the court. I did not know how to react or respond with the shock. After the meeting at the court, I confronted Mr. Livingston on what he did in the court. His response was "I am tired of you telling me what to do and I am working on a multimillion dollar case now and you are free to get another legal counsel if you want". I explicitly asked him what he meant and he told me "I mean exactly what I am saying". I sought a second opinion with another attorney who reviewed my documents. She told me that she was not an employment attorney and discussed the case with two other attorneys in another law firm. All of them told me that if the case is properly handled with the evidence from the interrogatories that I have a good chance of prevailing. They advised me to inform and leave Mr. Livingston immediately. Unfortunately, the law offices they referred me to could not assist me because of my financial situation.

  As soon as I separated from Mr. Livingston, I was fortunate to get an appointment with Attorney Sandra Graf Radtke of Gillick, Wicht, Gillick & Graf law firm. She reviewed this case's documents for three hours. She asked me questions and offered her opinions. She asked me of the witnesses from Herzing because she did not see any in the ERD report. She advised me to request the list and contact information immediately

2

because they need to be deposed. She asked of my relationship with Dr. George, my immediate supervisor at Herzing. I told her that I had a good *working and outside work relationships with Dr. George and showed her* pictures. She asked me why Dr. George did not come out and tell the truth in my defense. I told her that although Dr. George has resigned from Herzing, his daughter still works for Herzing. According to him, she was awarded a heavy pay raise prior to my termination and I doubted him volunteering to testify. She asked for Dr. George's phone number and I gave it to her. She applauded me for getting rid of Mr. Livingston because she claimed that Herzing was using the law to play games and trying to see what they can get away with. She indicated that from the documents, Mr. Livingston should have done something to stop the continuous games from Herzing. She also indicated that Herzing does not seem to have any defense for my termination judging from the termination letter; refusal to respond to the interrogatories ; doing background checks on me as far back to 20 years ago (have nothing to do this case); and filing unnecessary motions to dismiss the case.  She finally told me that she needed to talk to Dr. George and then she will decide whether to take the case. I have followed up with Ms. Graf three times. Each time she indicated that Dr. George had not picked up the phone or returned her calls despite leaving few messages. Each time, she had to confirm the phone number with me. *She said that she cannot decide without hearing from him.*

  I have tried several employment attorneys as indicated on the list and other resources attached and still unsuccessful. There is one attorney that I thought could help me. His name is Mr. Cade (please see document attached). He is an attorney that I had called long time ago and he did not *return my call then. After the court denied me legal assistance initially, I* started calling back most of the attorneys that I contacted previously to see whether any of them could reconsider representing me. I was able to finally get Mr. Cade on the phone. I begged him and indicated that I was desperate for legal help. He asked me of the case number and I gave him. After one week, he sent three documents through e-mail (see attached docs).  I reviewed the documents and requested a meeting. He indicated to me that he usually communicates with his clients electronically and rarely speaks on the phone. I had no other choice. I indicated to him that I was going for job interviews in Michigan. Also after the job interview I will be able to know whether I can make financial commitment with him. The agreement was for him to deduct the amounts from my pay-check every month upon employment. After the interview, I have been very optimistic with follow up e-mail to the interviewers. I have made follow up calls to the

3

lady I might be replacing (she is retiring) but no decision has been made yet. From the attached documents, I got in touch with Mr. Cade, who insisted on getting the money first without agreeing to have a meeting with me. He then decided to decline taking the case (see doc. attached) because I insisted on meeting with him to discuss the case and my financial situation. This is a brief account of the steps I have taken to secure legal representation in this case.

On my human and personal financial aspect, I continuously withdraw money from my retirement accounts. I have closed one of my retirement's accounts so far. My credit cards' bills are increasing daily despite the fact that I have tried to use these cards responsibly. I have taken advantage of the promotional balance transfers to avoid charged interests. I have sought help from Energy Services, Inc. of Waukesha County for my electricity bills. They asked me to include a copy of their business card for verification. I do go to one of the neighborhood hotels to have access to free internet service to save money. I have scaled down from two times to once a day in terms of meals to save money. I am not embarrassed to say the meal is mainly oatmeal and bread. This was my Thanksgiving dinner. In fact one lady at Wal-Mart that I did not know has been watching me referred to me two weeks ago as "Mr. Oatmeal" when I visited the store. I have driven 16 hours round trip to Allen Park and Owosso in Michigan for a job interview because it was very expensive to fly. Every day, I am still looking for employment opportunities but not successful yet. These are just some of the measures I have taken to survive and there is no improvement in sight except having hope. Prior to our last meeting at the court, I approached Herzing for settlement but unsuccessful. Their attorneys will not even want to listen. After our last meeting in the court and as per your advice and suggestion, I approached Ms. Odian. She indicated to me that she will discuss with her client and get back with me. After two days and not hearing from Ms. Odian, I reached out to her again through e-mail. Up till now, I have not heard from them on this issue.

Please, Your Honor, I sincerely hope I have provided you with a brief idea of my financial and personal condition. If more information is needed, I am prepared to comply accordingly. I do understand the legal nature of this case and my situation. In the name of humanity, I strongly beg you for help with legal representation in this case. I do not have any other source to turn to except the mercy of the court.

4

Extension of Discoveries time:

As soon as Mr. Livingston withdrew from this case, I did not have any concept of the time frame that we were given by the court for discoveries. The last meeting in the court gave me an idea that the discoveries' time has expired. I was on the assumption that scheduling will involve discoveries time. So after Mr. Livingston's withdrawal and attempts to do what he refused to do, I unconsciously, demanded the three witnesses' names and their contact information from Ms. Odian on the phone. She said that she did not know what I was talking about and that she never said that in the court. I asked to request for the transcripts because I wrote the information down. The next day she indicated to me that she misspoke and no witness has been identified yet. I followed up with e-mail demanding the witnesses again and detail of interrogatories responses and documents. Herzing has deposed one of my witnesses and the other witness was threatened of possible imprisonment if he did not testify. These individuals wanted to testify voluntarily as others were afraid to do so. I had no other choice of getting more witnesses. Now I have not had the opportunity of deposing any of their witnesses, which is unfair. Herzing has requested and received complete responses of three sets of interrogatories demands from me. Herzing is yet to comply to my first set of interrogatories demands. It is unfair to me to close this discovery process. The defendant has an advantage over me in terms of discovery. So, in the spirit of justice and fairness, I am begging the court to extend this discovery time. Thanks for your considerations.

Sincerely,

*[signature]*

Imeh Affiah

5